UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Javon Leshawn Belion,

Plaintiff

v.

Dammron Parsons,

Defendant

Case No. 2:25-cv-02322-CDS-EJY

**Order Accepting the Magistrate Judge's Report and Recommendation**

[ECF No. 9]

Pro se plaintiff Javon Leshawn Belion filed this lawsuit against Detective Dammron Parsons, alleging Fourth Amendment violations arising from Parsons striking Belion with a police vehicle while attempting to apprehend him. Am. compl., ECF No. 7. Because Belion applied to proceed *in forma pauperis*, and his application was granted, ECF No. 5, the matter was referred to U.S. Magistrate Judge Elayna J. Youchah for screening under 28 U.S.C. § 1915(e)(2). In turn, Judge Youchah issued a report and recommendation (R&R) that I dismiss Belion's amended complaint without prejudice and without further leave to amend because it fails to state a cognizable Fourth Amendment excessive-force claim. *See* R&R, ECF No. 9.

Belion had until June 15, 2026, to file any objections to the magistrate judge's findings and recommendations. *Id.* at 5 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections with supporting points and authorities within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). However, Belion neither objected to the R&R nor requested more time to do so, and "[n]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

I nonetheless reviewed the magistrate judge's findings and agree with the recommendation that Belion's amended complaint fails to state a cognizable Fourth Amendment excessive-force claim. As Judge Youchah explains, Belion alleges that Parsons inadvertently struck him with a police vehicle and did not mean to run over him. ECF. 9 at 4. Those allegations are inconsistent with the purposeful or knowing use of force required to state a Fourth Amendment excessive-force claim and instead sound in negligence. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–96 (2015)). Negligence cannot support a Fourth Amendment claim. *Id.* at 4–5. (citing *DeCastro v. LVMPD*, 2024 WL 4189939, at *22 (D. Nev. Sep. 12, 2024)).

I further agree that no further amendment should be permitted because this is Belion's second attempt to plead his Fourth Amendment claim. Accordingly, I accept and adopt the R&R in full.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is accepted in its entirety and adopted in full**. Belion's amended complaint **[ECF. No. 7] is dismissed without prejudice and without further leave to amend** because this was his second attempt.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

Dated: July 15, 2026

Cristina D. Silva
United States District Judge